By the Court.

This suit is brought by» the appellee, upon a note of hand, subscribed in his favour by the appellants. The appellants have answered by pleading payment. At the time of the trial, the plan tiff’s counsel moved for leave to - amend his petition, inserting the residence of the piaiiitiff; and the Court having granted if, the defendants mbved for time to answyr over. This being refused, on the ground that the amendment was immaterial and not such , as required a new answer, the appellants excepted to that opinion, and on that exception the case is brought up before this Court. , .
It is a general rule, and one certainly founded on principles of justice, that where permission is given to one of the parties to amend his pleadings the other has a right to answer over or reply. But the amendment must be such as may require a reply or answer. If it be insignificant and has nothing to do with the issue, if it be mere matter of form and leaves the case in the same situation *404 in which it was before, if it be evidently of such a - # , ■ j /nature that no additional allegation on the part of the other party can possibly arise from it, it would, be worse than nugatory to make such an amendment the pretext of a delay in the trial of a cause.
In this particular case, the amendment was not only immaterial, but it was with respect to the defendants no new matter. If the expression of the residence of the plaintiff is at all necessary, it must be to designate iivsuch a manner as to enable the defendant the better to know the person, who sues him. But here it is evident, from the manner in which the defendants did answer, that they knew the plaintiff well and wanted not any information about his residence to ascertain who he was.
Upon the whole, the application made in .this case to obtain leave to answer Over was entitled to no regard, and the District Judge did right in overruling it. ♦
It is, therefore, adjudged and decreed that the judgment of the-District Court be affirmed' with costs.